UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00307-MR

| | |
|---|---|
| DEMETRIUS SARRATT BARRY, )<br>a/k/a Barry Demetrius Sarratt, )<br>                                        )<br>      Petitioner, )<br>                                        )<br>vs. )<br>                                        )<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, )<br>                                        )<br>      Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Demetrius Sarratt Barry, pursuant to 28 U.S.C. § 2254 on October 18, 2021. [Doc. 1].

**I.    BACKGROUND**

Demetrius Sarratt Barry, a/k/a Barry Demetrius Sarratt ("the Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted in Hendersonville County Superior Court on September 25, 2017 after pleading guilty to trafficking opium/heroin. [Doc. 1 at 1]. In accordance with the plea agreement entered into between the Petitioner and the prosecution, the Petitioner was sentenced to 90 to 120 months' imprisonment and ordered to pay a $100,000 fine. [Doc. 1 at 1; Doc. 1-1 at

1, 23-26, 28-30]. The Petitioner did not file a direct appeal of his judgment of conviction.

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Hendersonville County Superior Court on April 6, 2021, which was denied on April 8, 2021. [Id. at 4; Doc. 1-1 at 1]. The Petitioner sought certiorari review following the denial of his MAR, and the North Carolina Court of Appeals denied his certiorari petition on June 8, 2021. [Id. at 4; Doc. 1-1 at 42].

The Petitioner filed his Petition for Writ of Habeas in this Court on October 18, 2021. [Doc. 1]. As grounds for relief, the Petitioner argues that the State of North Carolina excessively charged him with a $100,000 fine in violation of his constitutional rights. [Doc. 1 at 3].

## II. DISCUSSION

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of

the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

The Petitioner alleges that the State of North Carolina excessively charged him with a $100,000 fine. [Doc. 1 at 3]. The Petitioner states that the fine violates his constitutional rights under the Eighth and Fourteenth Amendments due to the "new significant change in the law held by the U.S. Supreme Court on or about February 20, 2021 that excessive fines ban applies to states." [Id.]. The Petitioner appears to be referring to the U.S. Supreme Court opinion of Timbs v. Indiana, issued on February 20, 2019, in which the Court held that the ban on excessive fines set forth in the Eighth Amendment also applies to states through the Fourteenth Amendment. Timbs v. Indiana, 139 S.Ct. 682, 687, 203 L.Ed.2d 11 (2019). The petitioner in Timbs sought to challenge a civil *in rem* forfeiture action. Id.

Pursuant to 28 U.S.C. § 2254(a), a court shall entertain a habeas petition filed by "a person in custody pursuant to the judgment of a State court **only on** the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). The Petitioner does not seek to attack his conviction and sentence or challenge the legality of his custody. Rather, his claim is non-custodial and challenges the

3

imposition of a fine imposed at sentencing, which was entered into as part of a plea agreement between the Petitioner and the State. [Doc. 1-1 at 23-26]. Such claims are not cognizable in a § 2254 proceeding. See United States v. Ross, 801 F.3d 374, 380 (3d Cir. 2015)(holding that challenge to monetary penalty was not cognizable in federal habeas petition because "the monetary component of a sentence" does not satisfy the "in custody" requirement); Washington v. McQuiggin, 529 Fed. Appx 766, 773 (6th Cir. 2013)(noting that "fines or restitution orders fall outside the scope of the federal habeas statute"); Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009)(prisoner's challenge to restitution order did not state a claim of § 2254 habeas relief); Mamone v. United States, 559 F.3d 1209, 1209-1212 (11th Cir. 2009)(upholding trial court's refusal to entertain prisoner's claim challenging legality of restitution order in federal habeas petition). Because the Petitioner fails to set forth any valid claim for habeas relief under 28 U.S.C. § 2254, the petition shall be dismissed.

The § 2254 petition is also subject to dismissal as untimely. Generally, a § 2254 petition must be filed within one year from the date the judgment of conviction becomes final. The statute of limitations may be tolled to run one-year from the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized and

made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). However, the Petitioner provides no authority that the Timbs decision on which he relies applies retroactively to toll the time to file his habeas petition and the Court can find no such authority. Because the Petitioner did not file a direct appeal, his September 25, 2017 judgment of conviction became final on or about October 9, 2017, when the time for seeking review expired. See N.C. R. App. P. 4(a)(providing fourteen days in which to file notice of appeal). The one-year statute of limitations then began to run from that date until it expired on October 9, 2018. See 28 U.S.C. § 2244(d)(1). As such, the § 2254 petition filed on October 18, 2021 is untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 17, 2023

Martin Reidinger
Chief United States District Judge